UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-73-FDW-DCK

| | |
|---|---|
| DON BRADLEY WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on February 17, 2017.

Because Plaintiff seeks to proceed in forma pauperis, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

In the pro se Complaint, Plaintiff has sued the United States as the sole Defendant, purportedly seeking damages under the Federal Tort Claims Act. Plaintiff purports to bring a claim for $500 million in damages against Defendant based on "personal injury in the matter of multiple injuries in his lumbar spine including three bulging disc, one degenerative disc and a

1

disc bulge at the t-11 vertebrae." (Doc. No. 1 at 1). In the 21-page Complaint, Plaintiff presents numerous delusional and fantastical allegations, including the existence of "an ongoing presence of and intimidation by Special operations, special forces, rangers, and central intelligence agency personnel in the plaintiff and his families' lives over the course of the past 15 years. Most of these personnel were either legally out of the military or working for the C.I.A. in an alleged contractual role." (Id. at 9). Plaintiff also states in part of the Complaint that he is seeking legal liability arising out of a different and wholly unrelated civil suit he previously filed in another federal district court. See Wallace v. Enhanced Recovery Co., No. 7:13-cv-124 (E.D.N.C.). See (Doc. No. 1 at 1).

In another part of the Complaint, Plaintiff alleges that "[t]his claim arises out of negligent psychiatric care shortly after the plaintiff moved" from Fayetteville, North Carolina, to Charlotte, North Carolina, seeking mental health care at a Veterans Affairs outpatient clinic in Charlotte. Specifically, Plaintiff alleges that, in March 2013, he attended a routine psychiatric appointment with Dr. Villanueva at a VA outpatient clinic at 8601 University E. Drive in Charlotte, North Carolina. (Id. at 5). Plaintiff alleges that Dr. Villanueva failed to adequately treat and assess various unidentified psychiatric conditions. (Id.). Plaintiff also alleges that in August 2015, he discovered from MRI scans that he had three bulging discs in his lower lumbar and one in his thoracic spine. (Id.). Plaintiff alleges that his "symptoms began while Homeless and hiking the Appalachian trail. Plaintiff ended up on the Appalachian trail as a direct result of Dr. Villanueva's mal-productive, negligent, and possible criminal intake appointment on 14 March 2013." (Id.). Plaintiff further alleges:

> To sum this complaint up it is obvious that plaintiffs March 2013 psychiatric intake visit and follow-up care was mal-productive, negligent, or possibly

2

> criminal in nature. This negligent care left the plaintiff homeless on the Appalachian trail where he performed the equivalent of a forced road march for 2186 miles straight. This road march obviously aggravated plaintiff's mental health and further depressed him. In addition, plaintiff incurred physical injury on a previously unknown lower lumber condition existed [sic]. This physical injury has cost plaintiff a whole lot of money, careers and destroyed his ability to work and find a job.

(Id. at 12-13).

The Court will dismiss this action for various reasons. First, Plaintiff's 21-page Complaint, which is rambling and confusing, and alleges facts based on wholly unrelated events and persons, simply does not comport with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Furthermore, the Complaint refers to wholly unrelated events and purported claims. Finally, most of Plaintiff's allegations can be fairly accurately described as fantastic and delusional. For instance, Plaintiff alleges that he is the victim of "an ongoing and possible criminal presence in the plaintiff's life by ex-government and active government officials while horrible things are happening to the plaintiff and his family"; that "various government officials along with civilians have used the plaintiff's mental health to 'cover' up possible crimes against him the plaintiff will include attachments with this complaint;" and that "Delta Force has used federal agencies to launch a cold war against plaintiff and his father." (Id. at 11, 12, 17). In another section of the Complaint, Plaintiff alleges that "it is very possible that many individuals in the intelligence community in and around Fayetteville have had some sort of horrible influence on the plaintiff's pretty much previous nonexistent health care at the department of veteran's affairs." (Id. at 15). Therefore, the Court will sua sponte dismiss Plaintiff's complaint. The dismissal will be without prejudice to the extent that, if Plaintiff wishes to file a subsequent

3

action against the United States under the Federal Tort Claims Act based on alleged negligent medical care, his Complaint must comply with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review;

2. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein.

3. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: February 21, 2017

Frank D. Whitney
Chief United States District Judge